FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

Federal Question

2017 FEB 23 PM 3:56

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Renee D. Bell
    Petitioner/ Plaintiff,

v.

State of Florida
    Respondent/Defendant.

Case: 6:17-CV-326-ORL-18-KRS

## COMPLAINT

*Comes now*, the Plaintiff, in the above styled cause, by and through Pro Se, authority file a new case in respect to prior case filed and dismissed. The prior cause subjects, Renee D. Bell v. Florida Highway Patrol, et al. The plaintiff, states as good cause shown the plaintiff, premises this action on failure of the state to uphold laws of the US, and Fl. Constitution,

**The state failed:**

1. The US Constitution, prohibits states from passing laws impairing the obligation of contracts. USCA. Const. Art. 1 § 10, cl.1, the state failed to uphold the US Const. which prior ending the plaintiffs contract, the state must grant Due process, and prove cause to terminate.

2. The plaintiff, in the above action was a 22yr vested employee, with property, interest rights.

3. The state failed in violation of 14th Amendment, U.S. CONST. [amend. XIV, § 1.] Further, failure to provide equal protection of the law, which the plaintiff, is racially discriminated against. Further, is segregation by color of skin, confinement, due to race. Final conspiracy in cover-up to the incidents. Conspiracy against rights of plaintiff. See 18 USC § 241. Deprivation of Rights Under color of law. See 18 USC Conspiracy against Rights of plaintiff (*See*); 18 USC § 241. Deprivation of Rights Under Color of Law, See 18 USC § 242.

4. The state violated 5th Amendment, *Property Interest*
    Property interest require due process exists if the employer's actions, state or local law, collective bargaining agreement, contract, employee handbook, or policy creates a reasonable legitimate expectation of continued employment, the plaintiff was vested 22yr with property interest.

5. The state failed to honor the plaintiffs, *Liberty Interest*:
    A. First Amendment Rights, Freedom of Speech.
    The plaintiff, cannot be disciplined or terminated for exercising the right to freedom of speech. Plaintiff, had a reasonable expectation of continued employment, therefore Due Process, must be provided before discipline, or termination, which the state failed to provide.

    B. <u>The state failed to protect plaintiff for **Whistle blower**, information, to protect plaintiff's</u> livelihood. The failure entitle plaintiff, to suit under 42 USC 1983. <u>*Garcetti v. Ceballos*</u>, 547 US 410 (2006). Further, the state failed by maintaining a custom of retaliating against whistleblowers, who report public corruption. (Amendmt. 1,4,14)

6. The state failed to grant the employee, (Plaintiff) the Right to Associate: Communication with Media, And Other Organizations. Violation of the First Amendment.

7. <u>Defamation</u>: The State failed to protect the employee's reputation, as a constitutionally protected interest. See *Johnson v. Martin*, 943. F2d 15 (7th Cir. 1991).

8. <u>The state failed to honor disability requirements for the disabled.</u> Employee pursuant to ADA. Discrimination against persons with disabilities, pursuant to 42 US Code §12101. The Plaintiff is deprived of disability rights. Further, due a workers comp. injury, this injury Resulted in retaliation, that the state precluded the benefits of the disability requirements.

9. Breech of professional Ethics, of the law: the state violated plaintiff's confidence in the rules of the department. When plaintiff reported public corruption at business reference assault the state proceed to cover up the assault, of the plaintiff. The state violated the Fl. Const. and Fla. Administrative laws, by violation to department highway safety motor vehicle rules, of the Dept.

10. The state failed to protect plaintiff, from unethical conduct. The state violated regulations governing officers of the law. The plaintiff, was an officer vested 22yrs with the department.

    Rdb

**Relief Sought:**
**Trial by Jury**
**12 Mill. Doll.**
**Restoration of Damage to Name, Defamation.**
**Back Pay, from Feb.20/2006 to Current/2017.**
**[Payment property Loss June 13 1988 to Current,**
  **From: written and implied contract/property interest].**

Renee D. Bell /S/
3338 Lake Tiny Circle
Orlando, FL 32818

**CERTIFICATE OF SERVICE:**
Shelley B. Cridlin
Office of the attorney General
501 East Kennedy Blvd. Suite.1100
Tampa, Fl. 33602.