# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RENEE D. BELL,**

        **Plaintiff,**

**v.**                                        **Case No:   6:17-cv-326-Orl-31KRS**

**STATE OF FLORIDA,**

        **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **February 23, 2017** |

## I.   PROCEDURAL HISTORY.

In this lawsuit, Plaintiff, Renee D. Bell, purports to pursue multiple causes of action against Defendant, the State of Florida ("the State"), including claims that the State violated the U.S. Constitution (including the First, Fifth, and Fourteenth Amendments), violated 42 U.S.C. § 1983, committed criminal conspiracy (including violations of 18 U.S.C. §§ 241 and 242), defamed Plaintiff, violated the employment provisions of the Americans with Disabilities Act ("ADA"), and violated unspecified provisions of the Florida Constitution, "Fla. Administrative laws," and "regulations governing officers of the law."  Doc. No. 1.  She seeks $12 million in damages, "restoration of damage to name," back pay from February 20, 2006 to the present, and payment for

property loss from June 13, 1988 to the present. *Id.* Although Plaintiff provides scant factual details in her complaint, it is apparent that this is a continuation of Plaintiff's previous lawsuit, *Bell v. Florida Highway Patrol*, Case No. 6:05-cv-1806-Orl-31DAB. *See id.* at 1 ("*Comes now*, the Plaintiff, in the above styled cause, by and through Pro Se, authority file a new case in respect to prior case filed and dismissed. The prior cause subject, Renee D. Bell v. FHP, et al.").[1]

That lawsuit has a long and complex history, which has been outlined elsewhere and will be stated only briefly here. *See, e.g.*, Case No. 6:05-cv-1806 ("*Bell I*"[2]), Doc. Nos. 110, 146, 162; *Bell v. Fla. Highway Patrol*, 325 F. App'x 758 (11th Cir. 2009) (per curiam), 476 F. App'x 856 (11th Cir. 2012) (per curiam), 589 F. App'x 473 (11th Cir. 2014) (per curiam). Plaintiff initially filed suit against the Florida Highway Patrol ("FHP") and Larry Costanzo on December 5, 2005. *Bell I*, Doc. No. 1. After her motion to proceed *in forma pauperis* was denied, Plaintiff paid the filing fee and was granted leave to file an amended complaint, which she did on May 21, 2007. *Id.*, Doc. No. 44. The Court granted Defendants' motion to dismiss the amended complaint on July 23, 2007, and granted Plaintiff an opportunity to amend. *Id.*, Doc. No. 53. Plaintiff filed her second amended complaint on August 7, 2007. *Id.*, Doc. No. 54. The Court dismissed the second amended complaint with prejudice, Doc. No. 61, but the Eleventh Circuit later reversed that decision. *Bell*, 325 F. App'x at 758. After remand, Defendants again moved to dismiss Plaintiff's second amended complaint. The Court granted that motion and dismissed the second amended complaint without prejudice, but also gave Plaintiff leave to file a third amended complaint. *Bell*

---

[1] Although Plaintiff did not provide the case number, I take judicial notice that Case No. 6:05-cv-1806 is the only other case Plaintiff has ever filed in this Court against the Florida Highway Patrol, and I take judicial notice of all the papers filed in that lawsuit.

[2] Future references to the above-captioned case will be to "*Bell II*" to prevent any confusion with *Bell I*.

*I*, Doc. No. 81.   In the Order, the Court gave Plaintiff specific instructions as to the form and contents of any such third amended complaint.   *Id.*

Plaintiff filed her third amended complaint on August 7, 2009.   *Id.*, Doc. No. 84. Defendants again moved to dismiss.   The Court granted the motion to dismiss because Plaintiff had not complied with the previous Order regarding the form and contents of her third amended complaint.   *Id.*, Doc. No. 110.   The Court dismissed Plaintiff's third amended complaint without prejudice and gave her one final opportunity to amend.   *Id.*   Rather than amend, Plaintiff appealed the decision to the Eleventh Circuit.   While Plaintiff's appeal was pending, Plaintiff also was granted permission to file a fourth amended complaint, which she filed on December 9, 2009.   *Id.*, Doc. No. 127.   The Court dismissed the fourth amended complaint, this time with prejudice, on July 22, 2010.   *Id.*, Doc. No. 135.   Plaintiff appealed that decision, too.   On August 16, 2011, the Eleventh Circuit concluded that the dismissal of Plaintiff's third amended complaint became a final, appealable order when she filed her notice of appeal, thereby depriving the district court of jurisdiction.   Thus, it remanded the case and instructed the district court to strike Plaintiff's fourth amended complaint and vacate all orders after Plaintiff filed her notice of appeal of the dismissal of the third amended complaint.   In deciding the case, the court noted that, by choosing to appeal rather than amend, Plaintiff had waived her right to amend.   *Id.*, Doc. No. 146.

On May 24, 2012, the Eleventh Circuit ruled on Plaintiff's appeal of the dismissal of her third amended complaint and affirmed the Court's ruling.   *Bell*, 476 F. App'x at 856.   Because she now had no operative complaint, Plaintiff requested permission to file a fourth amended complaint. Ultimately, the Court denied that request and directed the Clerk to close the file.   *Bell I*, Doc. No. 162.   Plaintiff again appealed, but the Eleventh Circuit affirmed the decision on December 11, 2014, noting that Plaintiff waived her right to further amend her complaint when she chose to appeal

the order dismissing her third amended complaint, rather than taking advantage of the opportunity to amend. *Bell*, 589 F. App'x at 474. Plaintiff filed a petition for writ of *certiorari* to the U.S. Supreme Court, but that petition was denied on October 3, 2016. *Bell v. Fla. Highway Patrol*, 137 S. Ct. 234 (2016). Plaintiff's request for rehearing was denied on January 23, 2017, finally bringing the *Bell I* litigation to a close. *Bell v. Fla. Highway Patrol*, No. 16-5434, 2017 WL 276277 (U.S. Jan. 23, 2017). One month later, Plaintiff initiated this action.

Although Plaintiff was not entirely consistent in the presentation of her claims throughout the decade-long *Bell I* litigation, a review of the five complaints she filed in that case makes it clear that her dispute with the FHP is, at its heart, an employment dispute. It appears that Plaintiff began employment with the FHP on June 13, 1988, as a communications dispatch officer. *Bell I*, Doc. No. 84, at 17. In 2000, Plaintiff became a word processor and typist, a position that Plaintiff held until her separation from employment on February 20, 2006. *Id.* It appears that the events that led to Plaintiff's termination began on August 3, 2005. It appears that, when the FHP described the reasons for Plaintiff's termination, it described them as follows:[3]

On August 3, 2015, Plaintiff's immediate supervisor (a defendant in the *Bell I* litigation), Larry Costanzo, advised her not to discuss the recent firing of another employee. After that, Plaintiff made a 911 call to the Orange County Sheriff's Office and falsely (according to the FHP) reported that she had been threatened by Costanzo. Plaintiff insisted that the Sheriff's Office send a deputy to the FHP station. Another trooper was present when the deputies arrived and reported that she was very embarrassed by the way Plaintiff acted in front of the deputies. Also on August 3, after calling the Sheriff's Office, Plaintiff called WFTV Channel 9 and reported that another FHP

---

[3] This portion of Plaintiff's third amended complaint appears to be a quotation of a notice sent to her by the FHP. I recognize that Plaintiff disputes the factual correctness of the FHP's account and the legality of its actions. I offer this summary only to explain how Plaintiff ultimately came to be terminated, not to ratify the FHP's account of events.

captain was being arrested.   A WFTV news anchor called the FHP's public affairs officer for comment, and the public affairs officer reported that she was highly embarrassed by Plaintiff's actions.   Based on these actions and what the FHP described as a "pattern of creating a hostile work environment for supervisors and for co-workers" and a "strong unwillingness to interact and cooperate with supervisors and coworkers as well," the FHP proposed to dismiss Plaintiff from employment.   *Id.*, Doc. No. 84, at 6.   It appears that Plaintiff's termination became final on February 20, 2006.   *Id.* at 17; *see also Bell II*, Doc. No. 1, at 2 (seeking back pay from February 20, 2006 to the present).

In the *Bell I* litigation, Plaintiff lodged many complaints about this series of events, including defamation by Costanzo, administrative irregularities in the procedures used to terminate her (for example, relying on hearsay and terminating her even though a policy would allegedly restrict the penalty for first occurrences to suspension), and claims that her termination violated the U.S. Constitution and constituted retaliation.   *See, e.g.*, *Bell I*, Doc. No. 84, at 4, 7-14, 25-29.   Plaintiff also complained about some events that occurred prior to her termination, including allegations that she was discriminated against on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 and her disability in violation of the ADA.   *See, e.g.*, *id.* at 17-25.   Although Plaintiff does not provide any factual detail in her current complaint, it is clear that she is still complaining about her termination and the conditions of her employment with the FHP.[4]   Indeed, she explicitly says that she wants to "file a new case in respect to prior case filed and dismissed."   *Bell II*, Doc. No. 1, at 1.   Thus, although she has changed the Defendant to be the State and has possibly added

---

[4] She does not mention any allegedly unlawful actions that occurred after February 20, 2006.   In addition, she repeatedly refers to her "employment" and to herself as an "employee."   The monetary recovery she seeks also coincides with the dates of her employment and employment termination.   *Bell II*, Doc. No. 1.

some new legal theories, she is basing this lawsuit on the same factual underpinnings as the facts that supported the *Bell I* litigation.

Plaintiff seeks to proceed in the current case without prepayment of fees (Doc. No. 2), which the Court construes as a motion to proceed *in forma pauperis*.   Her motion has been referred to me and is ripe for decision.

## II.      STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").   To state a claim on which relief may be granted, a plaintiff's complaint must contain sufficient factual content to bring her claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A complaint is frivolous within the meaning of § 1915(e)(2)(B), if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A complaint may be dismissed as frivolous if an affirmative defense, such as expiration of the statute of limitations, would defeat the action. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 and n.2 (11th Cir. 1990) (citing several examples).

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject-matter jurisdiction in a case.   *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)) (cited as persuasive authority).   "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction,

doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981).   Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject-matter jurisdiction, even when a party has not challenged it.   *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## III.   ANALYSIS.

The complaint in Plaintiff's current case is not entirely clear, but, construing it liberally and reading it in conjunction with the complaints she filed in the *Bell I* litigation, it appears that she is attempting to assert the following claims against the State in connection with her employment and her termination from employment: (1) an action under 42 U.S.C. § 1983 for violations of (at least) the First, Fifth, and Fourteenth Amendments;[5] (2) an action for criminal conspiracy under 18 U.S.C. §§ 241 and 242; (3) an action for the employment provisions of the ADA; (4) defamation; and (5) an action for violations of unspecified provisions of the Florida Constitution and Florida administrative laws, as well as "regulations governing officers of the law." *Bell II*, Doc. No. 1.

Before I address these claims separately, I note that it appears that, with this new lawsuit, Plaintiff is attempting to file the fourth amended complaint that she was denied leave to file in the *Bell I* litigation by changing the named Defendant to be the State.   It is not at all clear that she can do so.   As the Eleventh Circuit noted, when Plaintiff chose to appeal the Court's dismissal of her third amended complaint—rather than take advantage of the opportunity to amend—she waived her right to further amendment.   *Bell*, 589 F. App'x at 474.   As a result, when the Eleventh Circuit affirmed the dismissal of the third amended complaint, that dismissal effectively became a dismissal *without leave to amend*.   It would be incongruous to allow Plaintiff to avoid the effect of that

---

[5] This is the only possible avenue for Plaintiff to pursue her constitutional claims. There is no viable *Bivens*-like direct action against state and local actors for constitutional violations. Any such claim must be pursued under §1983.   *See Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir. 1982) (citations omitted).

dismissal simply by instituting an entirely new lawsuit and naming the State (rather than its agency, FHP, and its employee, Costanzo) as a Defendant. *Cf. Kane v. Rose*, 259 F. App'x 258, 260 (11th Cir. 2007) (cited as persuasive authority) (noting that a prejudicial dismissal is one "without leave to amend or refile").

Regardless, even if it were not for this deficiency, all of Plaintiff's claims are subject to dismissal, as discussed below.

A.   *Plaintiff's Claims are Due to Be Dismissed as Frivolous.*

All of Plaintiff's claims are due to be dismissed as frivolous.   I discuss each claim separately, below.

1.   42 U.S.C. § 1983 Claims.

Plaintiff's constitutional claims under 42 U.S.C. § 1983 are due to be dismissed because the State is entitled to Eleventh Amendment immunity and because the claims are barred by the statute of limitations.

First, Plaintiff's § 1983 claims are barred because the State is entitled to Eleventh Amendment immunity.[6]   The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.   Although the plain language of the Eleventh Amendment precludes federal courts only from hearing cases brought against a state by citizens of another state, the U.S.

---

[6] Eleventh Amendment immunity is a jurisdictional issue, and, if Eleventh Amendment immunity applies, a district court lacks jurisdiction. *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) (citations omitted). However, unlike most jurisdictional issues, which cannot be waived and must be raised by the court on its own initiative, the Eleventh Amendment does not automatically deprive a court of original jurisdiction. Instead, a federal court is required to consider whether Eleventh Amendment immunity strips it of jurisdiction only if a state defendant insists that it does. *Id.* at 1257 (citations omitted). In this sense, Eleventh Amendment immunity is similar to an affirmative defense.

Supreme Court has construed it to bar suits against a state brought by that state's own citizens as well.  *See, e.g.*, *Bd. Of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (citations omitted). Eleventh Amendment immunity from suit in federal court applies both when a plaintiff seeks damages against a state and when a plaintiff seeks injunctive relief against a state.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citing *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (citations omitted). Thus, Plaintiff's constitutional claims are barred unless an exception to Eleventh Amendment immunity applies.

Exceptions to Eleventh Amendment immunity exist if: (1) a suit seeks prospective injunctive relief to prevent an ongoing violation of the federal constitution against a state official in his or her official capacity; (2) if the state waives its immunity and consents to suit; or (3) if Congress validly abrogates the state's Eleventh Amendment immunity. *Svet v. Fla. Dep't of Juvenile Justice*, No. 2:11-cv-394-FtM-29SPC, 2012 WL 5188036, at *3 (M.D. Fla. Oct. 19, 2012) (citations omitted). None of these exceptions applies here. Plaintiff is not seeking prospective injunctive relief against a state official in his or her official capacity.   She is suing the State of Florida itself.   In addition, the State of Florida has not waived Eleventh Amendment immunity in § 1983 actions, *Spooner v. Dep't of Corrs.*, 514 So. 2d 1077, 1078 (Fla. 1987), and Congress has not abrogated the States' Eleventh Amendment immunity from § 1983 actions, *Williams v. Bd. of Regents*, 477 F.3d 1282, 1301 (11th Cir. 2007). Accordingly, Plaintiff's constitutional claims are barred by Eleventh Amendment immunity, and should be dismissed as frivolous within the meaning of § 1915. *See Benton v. Dep't of Juvenile Justice*, No. 6:14-cv-5-Orl-28KRS, Doc. No. 3 (M.D. Fla. Jan. 10, 2014), *adopted by* Doc. No. 4 (M.D. Fla. Feb. 4, 2014) (collecting cases and concluding that claim barred by Eleventh Amendment immunity should be dismissed as frivolous within meaning of § 1915).

Even if Plaintiff's § 1983 claims were not barred by Eleventh Amendment immunity, they would be due to dismissed because they are barred by the statute of limitations.   In Florida, the statute of limitations for constitutional tort actions under § 1983 is four years.   *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."); *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 48 (11th Cir. 2010) (per curiam) (citing, *inter alia*, Fla. Stat. § 95.113(3)(p)) (cited as persuasive authority) ("In Florida . . . , the governing limitations period is four years.").   It is apparent that Plaintiff's current complaint is based on events that occurred during her employment with the FHP.   It is equally apparent from her complaints in the *Bell I* litigation that her employment with the FHP ended no later than February 20, 2006.   Thus, the statute of limitations for her § 1983 claims expired in February 2010—more than seven years ago. Because it is apparent that they are barred by the statute of limitations, Plaintiff's §1983 claims are due to be dismissed as frivolous.

Ordinarily, a *pro se* plaintiff should be given one chance to amend her complaint.   As explained above, however, Plaintiff was allowed to file four different iterations of her complaint in the *Bell I* lawsuit.[7]   The Court also gave her detailed advice on how to properly frame a complaint on at least two occasions.   *Bell I*, Doc. Nos. 81, 101.   Despite this, Plaintiff has not yet successfully amended her complaint to state a claim for violation of § 1983.[8]   Moreover, given the existence of

---

[7] She also filed a fifth version, Doc. No. 127, which was ultimately stricken.

[8] Plaintiff apparently first asserted something akin to her § 1983 claim in her Third Amended Complaint when she purported to raise claims under the First, Fourth, Fifth, Sixth, Eighth, and Thirteenth Amendments to the U.S. Constitution and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).   *See Bell I*, Doc. No. 110, at 4 n. 4.   She also clearly reasserted the §1983 claim in her Fourth Amended Complaint.   *Id.*, Doc. No. 127, at 2.   Although that iteration of the complaint was ultimately stricken, as was the order dismissing it, I note that the Court found that the Fourth Amended Complaint still did not state a claim.   Doc. No. 135, at 9-10.

Eleventh Amendment immunity and the expiration of the statute of limitations, it appears that there is no set of facts that would allow Plaintiff to plead these claims in a non-frivolous manner. Because it would be futile to allow Plaintiff another opportunity to amend these claims, I recommend that these claims be dismissed without leave to amend. *See Grimes v. Fla.*, 71 F. Supp. 3d 1319, 1324-25 (M.D. Fla. 2014) (denying leave to amend as futile where any possible constitutional claim would be subject to dismissal under the Eleventh Amendment); *Selensky v. Ala.*, 619 F. App'x 846 (11th Cir. 2015) (cited as persuasive authority) (affirming dismissal with prejudice of § 1983 claims under § 1915(e)(2)(B) because they are barred by Eleventh Amendment immunity).

2.      Criminal Conspiracy in Violation of 18 U.S.C. §§ 241 and 242.

It appears that Plaintiff also alleges that the State violated 18 U.S.C. §§ 241 and 242. *Bell II*, Doc. No. 1 ¶ 3 ("Conspiracy against rights of plaintiff.   See 18 USC § 241. Deprivation of Rights Under color of law.   See 18 USC Conspiracy against Rights of plaintiff (*See*); 18 USC § 241. Deprivation of Rights Under Color of Law, See 18 USC § 242.").   These are criminal conspiracy statutes.   Plaintiff cannot, however, institute or pursue a criminal action against anyone (let alone the State of Florida) in her own name, and she has no right to demand that a criminal prosecution be instituted by the responsible authorities. *See Fretwell v. Arrant*, Case No. 5:08cv56/RS-EMT, 2009 WL 2168697, at *4 (N.D. Fla. July 17, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988)).   Accordingly, Plaintiff's criminal conspiracy claims are due to be dismissed because they fail to state a claim and are legally frivolous.   Because these statutes are criminal statutes, it would be impossible for Plaintiff to amend these claims to state viable causes of action. Thus, allowing her to amend these claims would be futile, and I recommend that the Court dismiss these claims without leave to amend.

3.    ADA Claims.

Like her § 1983 claims, Plaintiff's ADA claims are due to be dismissed because they are barred by Eleventh Amendment immunity.   Here, Plaintiff clearly seeks to sue the State directly. Thus, her ADA claims are barred unless they fall within an exception to Eleventh Amendment immunity.   None of the exceptions apply here.   Plaintiff is not seeking prospective injunctive relief against a state official in his or her official capacity.   She is suing the State of Florida itself.   In addition, the State of Florida has not waived Eleventh Amendment immunity in ADA employment actions, *see Adamson-James v. Fla. Dep't of Corrs.*, No. 6:11-cv-628-Orl-36TBS, 2013 WL 1968499, at *5-7 (M.D. Fla. May 13, 2013), and Congress has not validly abrogated the States' Eleventh Amendment immunity from actions for money damages under the employment provisions of the ADA, *Garrett*, 531 U.S. at 360.   Accordingly, Plaintiff's ADA claims are barred by Eleventh Amendment immunity, and should be dismissed as frivolous within the meaning of § 1915.[9]   *See Benton*, No. 6:14-cv-5- Orl-28KRS, Doc. No. 3, *adopted by* Doc. No. 4.[10]

As explained above, Plaintiff had multiple chances to amend her complaint in the *Bell I* litigation, but she still has failed to formulate a viable ADA claim.   Moreover, given the existence of Eleventh Amendment immunity, it does not appear that Plaintiff can re-plead this claim in non-frivolous way.   Accordingly, it would be futile for Plaintiff to attempt to amend her ADA claims,

---

[9] Given that Plaintiff was terminated from employment in February 2006 and was asserting ADA claims at least by the time of her third amended complaint in August 2009, *see Bell I*, Doc. No. 84, at 23-25, it is also almost certain that Plaintiff's ADA claims are barred by the statute of limitations.   *See Gillis v. Sports Auth., Inc.*, 123 F. Supp. 2d 611, 615 (S.D. Fla. 2000) (citation omitted) (in Florida, administrative charge for violation of employment provisions of ADA must be filed within 300 days of the complained of action); 42 U.S.C. § 2000e-5(f)(1) (plaintiff must file ADA employment lawsuit within 90 days of receiving right-to-sue letter from administrative agency).

[10] The ADA portion of Plaintiff's complaint also states, "Further, due a workers comp. injury, this injury Resulted in retaliation, that the state precluded the benefits of the disability requirements."   *Bell II*, Doc. No 1 ¶ 8.   To the extent this sentence alleges a cause of action retaliatory discharge for filing a workers' compensation claim, any such claim is barred by the statute of limitations.   *See Scott v. Otis Elevator Co.*, 524 So. 2d 642, 643 (Fla. 1988) (statute of limitations for workers' compensation retaliation is four years).   Thus, it would be futile to give Plaintiff leave to amend any workers' compensation retaliation claim she pursues.

and I recommend that the Court dismiss them without leave to amend. *See Grimes* 71 F. Supp. 3d at 1324-25 (M.D. Fla. 2014) (denying leave to amend as futile where any possible constitutional claim would be subject to dismissal under the Eleventh Amendment); *Selensky.*, 619 F. App'x at 846 (affirming dismissal with prejudice of § 1983 claims under § 1915(e)(2)(B) because they are barred by Eleventh Amendment immunity).

4.   <u>Defamation.</u>

Plaintiff's defamation claims are barred by the applicable statute of limitations.   In Florida, the statute of limitations for defamation is two years from the date of publication. *See Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113, 114-15 (Fla. 1993) (discussing Fla. Stat. § 95.11(4)(g)).   Plaintiff's employment ended on February 20, 2006, and all of the allegedly defamatory communications she has ever alleged (in this lawsuit or the *Bell I* lawsuit) occurred before that time.   Thus, her current defamation claims come more than nine years too late. Because it is apparent that they are barred by the statute of limitations, Plaintiff's defamation claims are due to be dismissed as frivolous.   In addition, the expiration of the statute of limitations means that it would be impossible for Plaintiff to state these claims in a non-frivolous manner.   Thus, granting her leave to amend would be futile, and I recommend that the Court dismiss Plaintiff's defamation claims without leave to amend.[11]

---

[11] Moreover, even if Plaintiff's defamation claims were not time-barred, I would recommend that the Court dismiss them.   Defamation is a state law claim and does not fall within this Court's federal-question jurisdiction.   The State is also not a "citizen" for purposes of diversity jurisdiction.   *See Univ. of S. Ala.*, 168 F.3d at 411 (citing *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973)).   Thus, the Court may only exercise jurisdiction over Plaintiff's defamation claims to the extent they fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.   A district court may decline to exercise supplemental jurisdiction if, *inter alia*, it has dismissed all claims over which it has original jurisdiction.   *Id.* § 1367(c)(3).   Here, I have recommended that the Court dismiss all of Plaintiff's federal law claims. Thus, even if her defamation claims were not barred by the statute of limitations, I would recommend that the Court decline to exercise supplemental jurisdiction over them and dismiss them.

5.     Violations of Florida Constitution, Florida Administrative Rules, and Unspecified Regulations.

Finally, Plaintiff appears to attempt to bring claims for violations of unspecified provisions of the Florida Constitution, Florida administrative law, and "regulations governing officers of the law." *Bell II*, Doc. No. 1 ¶¶ 9-10.   To the extent Plaintiff is attempting to sue the State directly for money damages under the Florida Constitution, she cannot do so because the State has not waived sovereign immunity for such claims.[12]   *See Garcia v. Reyes*, 697 So. 2d 549, 550-51 (Fla. 4th Dist. Ct. App. 1997); *Bradsheer v. Fla. Dep't of Highway Safety & Motor Vehicles*, 20 So. 3d 915, 921 (Fla. 4th Dist. Ct. App. 2009).   Thus, her state constitutional claims are due to be dismissed as frivolous.[13]

To the extent Plaintiff is attempting to bring a direct cause of action for some unspecified violation of some unspecified state administrative regulation[14], I note that the mere existence of an administrative regulation does not create a private right of action, nor does it waive the State's sovereign immunity.   To bring an action against the State, the legislature must have enacted a general law waiving the State's sovereign immunity for the claim.   *Bradsheer*, 20 So. 3d at 920. Courts have repeatedly discussed the narrow scope of the statute waiving the State's sovereign immunity, Fla. Stat. § 768.28, and have repeatedly found that it is not a broad waiver of immunity— rather, its waiver is limited to traditional torts.   It does not constitute a waiver of sovereign immunity as to constitutional torts or create a cause of action against a governmental entity that did

---

[12] Because Plaintiff is apparently attempting to bring a state law claim, it goes without saying that the U.S. Congress has not validly abrogated the State's immunity for such claims.

[13]  Moreover, even if these claims were not otherwise barred by Eleventh Amendment immunity and the statute of limitations, I would recommend that the Court decline to exercise supplemental jurisdiction over them and dismiss them, as explained above.

[14] To the extent Plaintiff is invoking some federal regulation, the same concerns of Eleventh Amendment immunity and statute of limitations would apply and mandate dismissal without leave to amend because they are frivolous.

not previously exists.   *See, e.g.*, *Garcia*, 697 So. 2d at 549.   Plaintiff has cited to no statute that would create a blanket waiver of sovereign immunity for violations of state or federal administrative regulations, and I am not aware of any such statute.   Thus, it appears that these regulatory claims are barred by the State's Eleventh Amendment and sovereign immunity and are due to be dismissed as frivolous.   Even if they were not barred by the State's immunity, I am unaware of any potentially applicable statute of limitation that would allow Plaintiff more than 11 years to assert such claims, thereby reinforcing the conclusion that the claims should be dismissed as frivolous.   *See generally* 35 Fla. Jur. 2d *Limitations and Laches* (summarizing statutes of limitation in Florida).[15]   Because Plaintiff cannot amend these claims to cure the Eleventh Amendment and statute of limitations problems, granting Plaintiff leave to amend would be futile, and I recommend that the Court dismiss these claims without leave to amend.

> B.      *Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted.*

Even if the Court does not agree that Plaintiff's claims are due to be dismissed as frivolous for the reasons explained above, they are still due to be dismissed under § 1915 because her complaint fails to state a claim upon which relief can be granted.   The complaint Plaintiff filed in the instant lawsuit is almost completely devoid of factual detail.   Instead, it consists mostly of a list of causes of action, leaving the Court (and Defendant) to wonder what facts, exactly, might support those causes of action.   In my previous analysis, I read Plaintiff's complaint leniently (in light of her *pro se* status) and assumed that her current complaint incorporated the factual allegations of the complaints filed in the *Bell I* lawsuit.   If the Court does not agree with that analysis, then the lack of factual detail in Plaintiff's complaint is fatal.   A bare-bones list of legal conclusions such as that

---

[15]   Moreover, even if these claims were not otherwise barred by Eleventh Amendment immunity and the statute of limitations, I would recommend that the Court decline to exercise supplemental jurisdiction over them and dismiss them, as explained above.

presented by Plaintiff's current complaint does not contain sufficient factual content to bring Plaintiff's claims "across the line from conceivable to plausible" and is due to be dismissed for failure to state a claim.  *Twombly*, 550 U.S. at 570.

As explained above, a *pro se* plaintiff should normally be given at least one chance to amend if her complaint fails to state a claim upon which relief can be granted.  Here, however, Plaintiff has already had four previous chances to state her claims.  In *Bell I*, the Court pointed out the problems presented by a complaint that lacks sufficient factual detail.  *See, e.g.*, *Bell I*, Doc. No. 81, at 5 ("[Plaintiff's] third claim is for retaliation, but it is impossible to figure out what act or acts triggered the retaliation.  [Plaintiff] asserts that she was segregated from white employees, but fails to specify who did this or why.").[16]  It also explained on more than one occasion what Plaintiff needs to do to state a viable claim.  *See id.*, Doc. No. 81, at 6 ("Should [Plaintiff] choose to reassert [her retaliation claim], she must clearly identify the right or rights that she asserted (or attempted to assert) that led to the retaliation, and what form or forms that retaliation took.   A chronology of the events at issue would likely assist the Court in reviewing the legal sufficiency of the retaliation claim."), Doc. No. 110, at 5 ("Should she choose to file a Fourth Amended Complaint, the Plaintiff must make sure that it . . . complies with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure . . . [and] describes what happens and when . . . .").  Moreover, in the *Bell I* litigation, Plaintiff received an order that stated that a plaintiff must "provide enough factual allegations to raise a right

---

[16]  The Court also pointed out Plaintiff's continual failure to include sufficient factual detail in the order dismissing Plaintiff's fourth amended complaint.  *See, e.g.*, *Bell I*, Doc. No. 135, at 3 ("[Regarding Plaintiff's statement of her retaliation claim in her original complaint] That was it.   [Plaintiff] did not provide any further explanation as to what happened, such as who advised the school board of this, or what conduct of [Plaintiff's] sparked this alleged instance of retaliation."), 7 ("At one point or another throughout the Third Amended Complaint, a series of sentences would suggest the existence of a viable cause of action.  But those sentences always lacked some of the information needed to establish one or more elements of a cause of action . . . . ").  Although that order was vacated after the Eleventh Circuit concluded that the district court lacked jurisdiction to proceed further once Plaintiff appealed the dismissal of her third amended complaint, the Eleventh Circuit never questioned the propriety of its contents.  Moreover, the order was in place for more than a year before it was vacated.  Thus, it is fair to charge Plaintiff with knowledge of its contents.

to relief above a speculative level" and that "conclusory allegations, unwarranted factual allegations or legal conclusions masquerading as facts will not prevent dismissal." *See id.*, Doc. No. 81, at 3. Despite this, Plaintiff has not yet succeeded in formulating a viable complaint.   Thus, I recommend that the Court find that it would be futile to allow Plaintiff to file an amended complaint in this case and dismiss her complaint without leave to amend.

**IV.     RECOMMENDATION**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

(1)     **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2);

(2)     **DISMISS** Plaintiff's claims without leave to amend; and

(3)     **DIRECT** the Clerk of Court to close the file.

 Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on March 13, 2017.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE